JUNE TERM, 1838.

Dobbyns v. Sheriff of St. Louis co.

RICHARD D. DOBBYNS v. SHERIFF OF ST. LOUIS COUNTY.

Where several judgments were obtained against a steam-boat, under the "act to provide for the collection of demands against boats and vessels," and a sale of the vessel takes place under the judgments, an attachment creditor, whose attachment was levied prior to the judgments obtained, is entitled to be first paid out of the proceeds in the hands of the sheriff. The act above referred to does not confer any lien on the vessel—certainly not an exclusive one.

*J. F. Darby*, counsel for plaintiff in error:

This is a proceeding based purely on the statute authorizing the proceedings against boats or vessels. The act of the legislature was passed for the purpose of securing to mechanics in building steam-boats, and to pilots, engineers, &c. engaged in navigating the boats and vessels, the same security for their labor and wages, as is given to mechanics and others by *liens* in the building of houses, &c., of which not even the attaching creditor can deprive them.

In this instance, by the judgment of the circuit court, the plaintiff is deprived of the benefit of the act made for the protection of his rights. The statute, by giving the party a right against the boat, and prescribing and classing the demands, &c., has put it beyond the power of the court to make any other disposition of the property than that prescribed by the statute.

It was manifest error in the circuit court to order the steam-boat, &c. to be sold, and the proceeds applied in any other manner than the payment of the demands under the warrant, her first liabilities under the statute. As well might it be contended that an attaching creditor could divest a mechanic of his just earnings and for materials furnished.

*J. B. King*, counsel for defendants in error:

The steam-boat Wyoming had been attached at the suit of J. & W. Finney, on the 31st October, 1837, and no one of said claims had been sued upon, or judgment rendered, previous to the 11th of November, 1837; and that the assignment was not made of them to said plaintiff in error until the 22d day of December, 1837.

By laws regulating attachments, the sheriff is commanded to sieze and take into his possession, &c. property; which property is to be held responsible to discharge the judgment when recovered, &c.—See attachment laws, Missouri Digest, p. 86, &c.

These laws give to the plaintiff in attachment a lien

JUNE TERM, 1838.

Dobbyns v. Sheriff of St. Louis co.

upon the property attached to satisfy his demand, and by their operation afford him no other remedy, but take away all other means whereby to satisfy the same, if they are once resorted to—p. 77, sec. 11.

The court cannot divest the plaintiff of said lien, for it would virtually repeal the attachment law—3 Con. Rep. Sup. Court U. S. 199, Prince v. Bartlett, whole case.

Edwards, Judge, delivered the opinion of the court.

On the 24th day of April, 1838, Richard D. Dobbyns entered upon the motion docket, in the St. Louis circuit court, a motion, in the words and figures following, to wit: "Richard D. Dobbyns, assignee of John Ryan and others, for claims against steam-boat Wyoming v. The Sheriff of St. Louis county. Motion for the sheriff of St. Louis county to hand over to Dobbyns the notes, &c. for which the steam-boat Wyoming was sold by sheriff in payment of the demands due to John Ryan, John Johnson, Samuel Hall, Jason Thetford, and William Turnbull, for their demands against said boat; said Dobbyns being assignee and representative of all demands;" which motion was by the court overruled.

On the argument of this motion, the plaintiff offered in evidence four several judgments against the steam-boat Wyoming, obtained under the act to provide for the collection of demands against boats and vessels—R. C. 1835, 102. The 11th of November, 1837, was the date of the earliest proceeding on which these judgments were obtained. The plaintiff also gave in evidence an assignment of the several judgments aforesaid, made to said plaintiff the 22d day of December, 1837, which several judgments amount to about fourteen hundred dollars. The circuit court ordered the sheriff of St. Louis county to sell said steam-boat Wyoming to satisfy those several judgments, and the boat was accordingly sold; and the above motion is now made to compel the sheriff to hand over the proceeds of said sale to plaintiff, Dobbyns, the assignee of the several judgments against said boat.

It was also shown that a suit had been commenced in the circuit court by John & William Finney, on the 31st day of October, 1837, by attachment, against Spencer Q. Ball, Richard D. Dobbyns, and Robert B. D. Dobbyns, wherein the sum sworn to was one thousand and sixty-seven dollars and fifteen cents, in a common action of assumpsit; and that said suit was still pending and un-

JUNE TERM, 1838.

Dobbyns v. Sheriff of St. Louis co.

decided in the circuit court; and that said steam-boat Wyoming had been levied upon with other property under the writ of attachment issued in said suit; that as to R. D. Dobbyns, said suit had been discontinued. The circuit court overruled the motion of the plaintiff, R. D. Dobbyns, assignee, &c. to compel the sheriff to hand over the proceeds of the sale of said steam-boat Wyoming to said plaintiff; and ordered the sheriff to pay to said John & William Finney, from the proceeds of the sale of said steam-boat Wyoming, the whole amount of their judgment; and the balance remaining, the court ordered to be paid on the several judgments against said boat.

It is insisted by the plaintiff in error, 1. That the circuit court erred in overruling the motion of the plaintiff, requiring the sheriff to hand over the proceeds of the sale of the steam-boat Wyoming after paying all costs and expenses, in satisfaction of the demands against said steam-boat, in which judgments were rendered against said steam-boat by name.

2. That the circuit court erred in ordering the proceeds of the sale of the steamboat Wyoming to be applied first to the satisfaction of the suit commenced by John & William Finney, by attachment, in preference to the demands due the hands for services in navigating the said boat.

3. That the circuit court erred in ordering the said steam-boat Wyoming to be sold and the proceeds applied in payment of the judgments against said boat; and then after the sale, in ordering the proceeds arising from said sale to be applied, first, to the payment of the debt of the attaching creditors, and then the balance to the judgments against the boat.

Where several judgments were obtained against a steam-boat, under the "act to provide for the collection of demands against boats and vessels," and a sale of the vessel takes place under the judgments, an attachment creditor, whose attachment was levied prior to the judgments obtained, is entitled

The first point insisted on is, in substance, that the circuit court refused to require the sheriff to hand over the proceeds of the sale of the steam-boat Wyoming in satisfaction of the judgments obtained against the said boat by name. In support of this point, it is insisted that the first section of the act to provide for the collection of demands against boats and vessels, gives a lien upon said boat for the several demands enumerated in said section, in exclusion of all others, for the period of six months from the time at which said demands accrued. This section provides, that "every boat or vessel used in navigating the waters of this State shall be liable"—1st, for certain debts enumerated; 2d, for certain other debts; 3d, for other debts; and 4th, for the debts enumerated

under this head. The second section of this act provides, that "any person having a demand as aforesaid," that is, a demand against a boat or vessel used in navigating the waters of this State, and enumerated in the preceding section, "may at his option institute suit against such boat or vessel *by name*." The 21st section of this act provides, that "all actions against a boat or vessel, under the provisions of this act, shall be commenced and sued within six months after the cause of such action shall have accured"—R. C. '35, 102, 3 and 4. Before the passage of this act, the owners of boats being generally residents of different sections of the country, it was difficult to collect demands of the several descriptions enumerated in the first section of this act, which were due by such owners. To remedy this evil, the legislature passed this act to authorize the party to seek relief against the boat or vessel by name. A party, however, cannot proceed under this act against the boat or vessel for the recovery of every description of debt, but only for such debts as are enumerated in the first section of the act; and even in his remedy against the boat or vessel for the debts enumerated he is limited. By the 21st section of the act, he must commence his action within six months after his cause of action accrues. After this time elapses, he loses his remedy against the boat or vessel, and must pursue it in the ordinary way. And the object of this act was to expedite the collection of such debts as are enumerated in the first section of the act, but no part of this act, as it is understood by the court, will bear the construction insisted on by the counsel for the plaintiff in error. No part of the law seems to create any lien upon the boat or vessel for any period of time. The 21st section, instead of limiting the operation of a lien to the period of six months, is intended to limit the right of the party to commence his action against the boat or vessel to six months, and to leave him to his remedy in the ordinary way, after that time expires. If, then, the statute creates no lien in favor of the debts enumerated in the first section, the plaintiff here had no right to the proceeds of the sale of the steamboat Wyoming, because, prior to the commencement of the actions on which these judgments were rendered, the Finneys had levied an attachment on said boat, by which it was held in possession of the sheriff until sold by order of the court. The court did not err, then, in overruling the plaintiff's motion to require the sheriff to pay over the proceeds of the sale to him.

to be first paid out of the proceeds in the hands of the sheriff. The act above referred to does not confer any lien on the vessel —certainly not an exclusive one.

JUNE TERM, 1838.

The second point insisted on is, that the court erred in ordering the proceeds of the sale of said steam-boat to be first applied to the payment of the debt due the Finneys. In this there was no error. Their attachment was levied, and operated as a lien upon the property from the date of the levy.

The third point insisted on is, that the circuit court erred in ordering the said steam-boat Wyoming to be sold and the proceeds applied in payment of the judgments against said boat; and then, after the sale, in ordering the proceeds arising from said sale to be applied, first, to the payment of the debt of the attaching creditors, and then the balance to the payment of the judgments against the boat. On this point there was no error. The plaintiffs in the suit, by attachment, made no objection to the sale under the judgments obtained against the boat. They moved to have the proceeds applied to the payment of their own debt. This they had a right to do. The court ordered the proceeds to be so applied. There was no error in this. As the several points made are against the plaintiff in this proceeding, the judgment of the circuit court ought to be affirmed; and the other judges concurring, it is affirmed.